IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC S. BURNHAM,                    )
                                    )   Civil No. 05-850-JE
          Petitioner,               )
                                    )
     v.                             )
                                    )
SHARON BLACKETTER,                  )
                                    )   FINDINGS AND RECOMMENDATION
          Respondent.               )

     Craig E. Weinerman
     Assistant Federal Public Defender
     151 W. 7th Avenue, Suite 510
     Eugene, Oregon 97401

          Attorney for Petitioner

     Hardy Myers
     Attorney General
     Summer R. Gleason
     Assistant Attorney General
     Department of Justice
     1162 Court Street NE
     Salem, Oregon 97310

          Attorneys for Respondent

///

          1 - FINDINGS AND RECOMMENDATION

JELDERKS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 in which he challenges the legality of his state court conviction for intentional murder. For the reasons which follow, the Amended Petition for Writ of Habeas Corpus (#9) should be denied, and judgment should be entered dismissing this case with prejudice.

## BACKGROUND

On September 19, 2001, the Harney County Grand Jury indicted petitioner on three counts of Aggravated Murder, two counts of Burglary in the First Degree, one count of Assault in the Second Degree, and three counts of Unlawful Use of a Weapon. Respondent's Exhibit 102. Petitioner agreed to plead guilty to one count of Murder in exchange for the State's promise to dismiss the remaining charges and its assurance not to prosecute him for any additional criminal conduct known to the prosecutor at the time of the entry of the plea. Respondent's Exhibit 103, pp. 1-3. The court accepted petitioner's plea and, in accordance with the Plea Agreement, sentenced him to life in prison with a 25-year minimum term. Respondent's Exhibit 104, pp. 13-14.

Petitioner did not take a direct appeal, but he did file for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of his claims. Respondent's Exhibit 112. The Oregon Court of Appeals granted the State's Motion for Summary

Affirmance, and the Oregon Supreme Court denied review.  Respondent's Exhibits 115, 117.

On August 9, 2005, petitioner filed his Amended Petition for Writ of Habeas Corpus which contains eight grounds for relief.  Respondent asks the court to deny relief on the Amended Petition because: (1) petitioner fails to provide argument in support of several of his grounds for relief; (2) all claims are procedurally defaulted; and (3) the state court decisions denying relief are entitled to deference.

## DISCUSSION

### I.    Unargued Claims.

There are a number of claims in the Amended Petition which respondent addressed in her Response, but which petitioner has not supported with any briefing.  The court has nevertheless reviewed petitioner's unargued claims and determined that they do not entitle him to relief.  *See* 28 U.S.C. § 2248 ("The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.").

### II.  Exhaustion and Procedural Default.

Petitioner elects to argue two claims of ineffective assistance of counsel.  First, he asserts that counsel's performance fell below an objective standard of reasonableness when he failed to disclose a conflict of interest to petitioner insofar as counsel had previously

represented the deceased victim, William Hay.    Second, petitioner faults counsel for failing to withdraw as a result of the alleged conflict of interest.    Respondent asserts that both of these claims are procedurally defaulted because the Oregon Court of Appeals granted her Motion for Summary Affirmance and, therefore, did not address the merits of the claims.

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).    "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'"    *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)).    If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529

4 - FINDINGS AND RECOMMENDATION

U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).
If a petitioner has procedurally defaulted a claim in state court, a
federal court will not review the claim unless the petitioner shows
"cause and prejudice" for the failure to present the constitutional
issue to the state court, or makes a colorable showing of actual
innocence. *Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v.
Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478,
485 (1986).

In this case, petitioner presented the PCR trial court with a
claim that his attorney failed to disclose that he had previously
represented: (1) William Hay, the deceased victim; (2) Greg A. McGee,
petitioner's co-defendant; (3) Patricia Carlile, a material witness
for the State and a victim of the criminal conduct which led to Hay's
death; and (4) Steve Walker, an alleged material witness to the case.[1]
According to petitioner, this created a conflict of interest which
counsel had a duty to disclose. The PCR trial court resolved this
claim as follows:

> Defense Counsel Gordon Mallon's Office Records do not
> reveal that his Office ever represented Greg McGee or
> Patricia Carlile. The Victim William Hay had been
> represented three (3) times in the past but never on
> anything extensive. Steve Walker was represented and such
> representation overlapped Petitioner's representation by
> about one month, but there has been no showing that Steve
> Walker was a material witness in Petitioner's case.

---

[1] In this proceeding, petitioner focuses only on counsel's
prior representation of William Hay as a basis for the alleged
conflict of interest.

>    Petitioner has failed to show how either of these
>    representations was to his detriment or how it affected his
>    entry into the Plea Agreement.

Respondent's Exhibit 112, p. 6. The PCR trial court also found that petitioner "failed to carry his burden of proof with respect to all contentions advanced both individually and collectively." *Id.*

Petitioner appealed this decision, arguing that "trial counsel did not make him aware of counsel's prior representation of both the victim of the homicide and the co-defendant in this case. Such a conflict must have rendered counsel unable to vigorously defend petitioner, and may have led counsel to suggest petitioner accept the plea offer." Respondent's Exhibit 113, p. 7.

In response, the State moved for summary affirmance on the basis that petitioner failed to assign error to any of the PCR trial court's factual findings. In Oregon, assignments of error which conflict with the underlying factual findings of a trial court will only be considered if the litigant also assigns error to those factual findings. *State v. Lynch*, 135 Or.App. 528, 532 n. 2, 900 P.2d 1042, rev. denied 322 Or. 362 (1995); *Meyers v. Maass*, 106 Or.App. 32, 34 n. 1, 806 P.2d 695 (1991). The State therefore argued that because petitioner failed to allege that any of the underlying factual findings were in error, the Oregon Court of Appeals should not consider his arguments. Respondent's Exhibit 114, pp. 3-4. The Oregon Court of Appeals agreed:

>    Respondent has moved for summary affirmance on the ground
>    that appellant has presented no substantial question of law

6 - FINDINGS AND RECOMMENDATION

on appeal.  ORS 138.660.  Appellant has not opposed the motion.  The motion is granted.

Affirmed.

Respondent's Exhibit 115.

From this record, it appears that the Oregon Court of Appeals did not address the merits of petitioner's claims, instead concluding that petitioner presented "no substantial question of law" in his appeal. Importantly, petitioner appeared to recognize this fact in his Petition for Review to the Oregon Supreme Court where he asked the Oregon Supreme Court to review the statute governing summary affirmance, arguing as follows:

> Where a petitioner in a post conviction appeal seeks to establish that his trial attorney offered ineffective assistance, that should be considered a "substantial question of law". **It may be that the issue is not meritorious, but an allegation of ineffective assistance is always a substantial question of law, and it should survive a motion for summary affirmance by the state.** The motion here was inappropriately granted, and this Court should accept review.

Respondent's Exhibit 116, p. 3 (emphasis added).

It is clear from the record that, by granting the State's Motion for Summary Affirmance, the Oregon Court of Appeals did not consider the merits of petitioner's claims.  Whether the Oregon state courts correctly decided that petitioner had not properly challenged the PCR trial court's decision in the manner required by state law is not subject to review by a federal habeas court.  *See Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) ("a federal court is bound by the state court's interpretations of state law.") (*citing Wainwright v. Goode*,

7 - FINDINGS AND RECOMMENDATION

464 U.S. 78, 84 (1983)); *see also Peltier v. Wright*, 15 F.3d 860, 862 (9th Cir. 1994) (state courts are the ultimate expositors of state law); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[W]e reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Mendez v. Small*, 298 F.3d 1154, 1158 (9th Cir. 2002) ("A state court has the last word on the interpretation of state law.") (citing *McSherry v. Block*, 880 F.2d 1049, 1052 (9th Cir. 1989)).

Petitioner nevertheless argues that a finding of procedural default in this case would be improper because summary affirmance in Oregon is considered to be a "decision upon the merits."[2] ORS 138.660 governs summary affirmance and expressly states that "[a] dismissal of appeal under this section constitutes a decision upon the merits of the appeal." However, as discussed above, it is clear from the record that the Oregon Court of Appeals did not reach the merits of petitioner's claims based on its interpretation of state law. The court therefore views the language in ORS 138.660 as merely having a *res judicata* effect to bar further litigation of claims which are denied by summary affirmance. While summary affirmance is considered to be a disposition "upon the merits" for this purpose, it does not automatically satisfy the fair presentation requirement applicable to

---

[2]  This is directly contrary to petitioner's argument to the Oregon Supreme Court where he challenged the Oregon Court of Appeals' decision to grant summary affirmance because the grant of summary affirmance did not involve a review of the merits. Respondent's Exhibit 116, p. 3.

28 U.S.C. § 2254 habeas cases.  Accordingly, the court concludes that petitioner failed to fairly present his ineffective assistance of counsel claims to the Oregon Court of Appeals in a context in which the merits of the claims were considered.  As the time for presenting these claims to the Oregon courts passed long ago, the court finds them to be procedurally defaulted.  Petitioner does not demonstrate cause and prejudice, nor does he make a showing of actual innocence sufficient to excuse his default.

As the court is able to resolve petitioner's claims on procedural grounds, his request to bolster the merits of his claims through expansion of the record and an evidentiary hearing should be denied. *See Schriro v. Landrigan*, 127 S.Ct. 1933, 1940 (2007) (where the record in the case precludes habeas relief, a district court is not required to hold an evidentiary hearing).

<u>**RECOMMENDATION**</u>

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#9) should be DENIED, and judgment should be entered DISMISSING this case with prejudice.

<u>**SCHEDULING ORDER**</u>

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have ten (10) days from the date

9 - FINDINGS AND RECOMMENDATION

of service of a copy of this recommendation within which to file specific written objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue, and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

IT IS SO ORDERED.

DATED this  8th  day of April, 2008.

              /s/ John Jelderks
              John Jelderks
              United States Magistrate Judge