

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC S. BURNHAM,                                          CV. 05-850-JE

                Petitioner,                    OPINION AND ORDER

    v.

SHARON BLACKETTER,

              Respondent.

Craig Weinerman
Assistant Federal Public Defender
151 W. 7th Avenue, Suite 510
Eugene, Oregon 97401

    Attorney for Petitioner

John Kroger
Attorney General
Summer R. Gleason
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

KING, Judge

    Petitioner, an inmate at the Eastern Oregon Correctional
Institution, moves the court to reconsider its order adopting the
Findings and Recommendation issued in this habeas corpus

1 -- OPINION AND ORDER

proceeding.  For the reasons set forth below, petitioner's *pro se* motion for reconsideration is granted.  However, on reconsideration, habeas corpus relief is denied.

**BACKGROUND**

On or about September 5, 2001, petitioner and Greg McGee, went to the home of William Hay, armed with steak knives, a tire iron, and a bicycle handle bar.  Petitioner was angry with Hay because he believed Hay had turned petitioner into the police in connection with a prior burglary.  Hay suffered multiple stab wounds and, as he lay dying in the street, identified petitioner as his assailant. Resp. Exh. 112 at 4.

Petitioner was charged with multiple counts of Aggravated Murder, Burglary, Assault, and Unlawful Use of a Weapon.  During the course of the state criminal proceeding, petitioner was represented by Mark Rader and Gordon Mallon.  Petitioner pled guilty to one count of Murder, and was sentenced to life imprisonment, with a 25-year minimum.  Petitioner sought state post-conviction relief which was denied at the trial level.  The Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review.

In 2005, petitioner sought federal habeas corpus relief.  In his amended petition for writ of habeas corpus, petitioner alleged six claims of ineffective assistance of counsel, and two due process claims.  In April 2008, the Honorable John Jelderks

2 -- OPINION AND ORDER

recommended the denial of all but two ineffective assistance of counsel claims on the basis that petitioner failed to demonstrate that he was entitled to habeas relief. I adopted this finding.

Additionally, Judge Jelderks concluded that petitioner procedurally defaulted his two remaining ineffective assistance of counsel claims, on the basis that petitioner "failed to fairly present his ineffective assistance of counsel claims to the Oregon Court of Appeals in a context in which the merits of the claims were considered." Petitioner seeks reconsideration of my adoption of this latter finding.

**STANDARDS**

Pursuant to Fed. R. Civ. P. 60, a litigant may seek relief from a judgment, and request reopening of his case, under a limited set of circumstances including mistake, newly discovered evidence, fraud, or any other reason justifying relief. Gonzales v. Crosby, 545 U.S. 524, 528 (2005). In order to obtain relief under Rule 60(b)(6), petitioner must demonstrate extraordinary circumstances justifying the reopening of a final judgment. Id. at 535.

Under some circumstances, a motion to reconsider in a habeas case is treated as a successive petition, for which authorization from the court of appeals is needed. This is not such a case, however, because the dismissal of the habeas claims at issue was premised upon a perceived procedural default. Gonzales, 545 U.S. at 532 n.4 & 538.

3 -- OPINION AND ORDER

## DISCUSSION

Petitioner moves the court for reconsideration based upon the recent Ninth Circuit decision in Chambers v. McDaniel, 549 F.3d 1191 (9th Cir. 2008). Chambers does not represent a change in the law justifying relief under Rule 60(b)(6) in this case. Moreover, the case is factually distinguishable.[1] However, for the reasons set forth below, my original adoption of the Findings and Recommendation was in error. Accordingly, petitioner's motion to reconsider is granted. See Fed. R. Civ. P. 60(b)(1); Straw v. Bowen, 866 F.2d 1167, 1172 (9th Cir. 1989) (to prevail under rule 60(b)(1), litigant must show court committed specific error).

### I.   Exhaustion.

A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all

---

[1] Unlike the petitioner in the instant proceeding, the petitioner in Chambers did not raise his federal claim through one complete round of state appellate review. Instead, he raised his claim for the first time in a petition for extraordinary writ. Consequently, the determination of whether the petitioner "fairly presented" his federal claim turned on whether the Nevada Supreme Court actually determined the merits of the petition on discretionary review. The Ninth Circuit held that a fair and plausible reading of the Nevada Supreme Court's order was that the court considered the merits of petitioner's claim, but was not persuaded as to its validity. 549 F.3d at 1197; see also Greene v. Lambert, 288 F.3d 1081, 1086-87 (9th Cir. 2002). In the instant proceeding, in contrast, petitioner presented his ineffective assistance of counsel claims through one full round of appellate review. Hence, satisfaction of the exhaustion requirement does not turn on whether the state court actually considered the merits on discretionary review. See infra at 5-8.

appellate stages afforded under state law. <u>Casey v. Moore</u>, 386 F.3d 896, 915-16 (9th Cir. 2004), <u>cert. denied</u>, 545 U.S. 1146 (2005); <u>Baldwin v. Reese</u>, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied if the petitioner describes the operative facts and federal legal theory on which he grounds his claim in a procedural context in which the claims may be considered. <u>Davis v. Silva</u>, 511 F.3d 1005, 1009 (9th Cir. 2008); <u>Castille v. Peoples</u>, 489 U.S. 346, 351 (1989). The exhaustion requirement is not satisfied, however, "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor." <u>Castille</u>, 489 U.S. at 351; <u>Chambers</u>, 549 F.3d at 1196.

Applying these standards, I conclude that petitioner fairly presented the legal theory and operative facts of his ineffective assistance of counsel claims, based on counsel's failure to disclose his prior representation of the victim, at every level of state post-conviction review. In his second amended petition for post-conviction relief, petitioner alleged that trial counsel was ineffective because he "failed to disclose that he had a conflict of interest." Resp. Exh. 105 at 6. On appeal to the Oregon Court of Appeals and Supreme Court, petitioner again alleged that trial counsel rendered ineffective assistance of counsel because he "did not make him aware of counsel's prior representation of both the

victim of the homicide and the co-defendant."  Resp. Exhs. 113 at

10 & 116 at 4 (incorporating arguments raised to court of appeals).

Accordingly, the exhaustion requirement is satisfied unless

petitioner presented the claims in a procedural context in which

the claims would not be considered.  See Castille, 489 U.S. at 351.

Judge Jelderks concluded that petitioner did so because he failed

to assign error to any specific factual findings of the post-

conviction court; the Oregon Court of Appeals summarily affirmed;[2]

and, petitioner appeared to concede that his claim was not

considered on the merits in his petition for review to the Oregon

Supreme Court.

In support of this conclusion, Judge Jelderks noted that "[i]n

Oregon, assignments of error which conflict with the underlying

factual findings of a trial court will only be considered if the

litigant also assigns error to those factual findings."  Judge

Jelderks cited State v. Lynch, 135 Or. App. 528, 900 P.2d 1042,

rev. denied, 322 Or. 362 (1995), and Meyers v. Maass, 106 Or. App.

32, 806 P.2d 695 (1991).

_____

[2] Under Oregon law, the court of appeals may summarily
affirm the judgment of a circuit court in a post-conviction
proceeding, "after submission of the appellant's brief and
without submission of the respondent's brief, . . . if it finds
that no substantial question of law is presented by the appeal."
O.R.S. 138.660.  A summary dismissal "constitute[s] a decision
upon the merits of the appeal."  Id.

In *Lynch*, however, the issue was whether the *respondent*
(rather than the appellant) could raise a legal argument on appeal,
which conflicted with the trial court's finding of historical fact,
and to which he did not *cross assign error*.  The Oregon Court of
Appeals held that he could not.  135 Or. App. at 532 n.2.   In
*Meyers*, the court simply held that it "need not consider
petitioner's arguments that disregard the post-conviction court's
*supportable* findings of fact." (Emphasis added); see also Ball v.
Gladden, 250 Or. 485, 487, 443 P.2d 621 (1968) (if evidence
sustains post-conviction court's historical factual findings, they
will not be disturbed on appeal); Gable v. State, 203 Or. App. 710,
712, 126 P.3d 739 (2006), rev. denied, 341 Or. 216 (2006)
(appellate court is bound by the post-conviction court's factual
findings to the extent they are supported by the evidence in the
record).

Neither case holds that when an *appellant* makes an assignment
of error, which conflicts with the underlying factual findings of
a trial court, he also must specifically assign error to those
factual findings in order for his assignment of error to be
considered on appeal.  Moreover, it is well settled that, with
regard to the ultimate constitutional question, the state appellate
court is *not* bound by the post-conviction court's findings if the
appellate court "believe[s] the historical facts upon which such
finding is based are insufficient to meet constitutional

standards." <u>Ball</u>, 250 Or. at 487-88; <u>Krummacher v. Gierloff</u>, 290 Or. 867, 869-70, 627 P.2d 458 (1981).

In sum, in the absence of Oregon authority directly holding that an appellant, who raises an assignment of error which conflicts with the underlying factual findings of a trial court, must also assign error to the underlying factual findings, I decline to adopt it. Consequently, I decline to adopt the recommendation that petitioner's ineffective assistance of counsel claim be denied on the basis that it was raised in a procedural context in which the merits of the claim would not be considered. This conclusion is consistent with Oregon statutory and case law holding that a summary affirmance is a judgment on the merits. <u>See</u> O.R.S. 138.660; <u>Smith v. Board of Parole</u>, 343 Or. 410, 415, 171 P.3d 354 (2007) (order of summary affirmance does not "dismiss judicial review", but rather "streamlines judicial review" by permitting the court of appeals to decide that, for its purposes, responsive briefing and oral argument are not necessary) (construing O.R.S. 144.335); <u>Rodriguez v. Board of Parole</u>, 187 Or. App. 282, 290-92, 67 P.3d 970 (2003) (examining the varying reasons a court may find the lack of a "substantial question of law").[3]

---

[3] This case is distinguishable from those in which the assignment of error summarily rejected by the Oregon Court of Appeals *was not preserved in the state post-conviction court*; and the federal claim, therefore, was presented in a procedural context in which it would not be considered, or is barred by the state appellate court's express invocation of an independent and

II. **The Merits**.

In his amended petition for habeas corpus relief, petitioner alleged that trial counsel was ineffective because he failed to (1) disclose to petitioner that he suffered from a conflict of interest based upon his previous representation of the victim; and (2) move to withdraw as counsel for petitioner based upon this conflict of interest. Amended Petition (#9) at 3.[4] During the course of the state post-conviction proceeding, petitioner testified that trial counsel's partner had previously represented the victim, William Hay, in the burglary prosecution which was the impetus of petitioner's subsequent assault of Hay. Both petitioner and Mr. Hay entered guilty pleas in that prosecution.

Trial counsel confirmed that his office "previously represented Mr. Hay three times in the past," but attested that "none of these engagements were extensive." He characterized his representation of Hay as "very brief", recalling that Hay was "one of 10-11 petitioners challenging provisions of SB 936." He

adequate state rule. See Gibbs v. Hill, 2008 WL 299070 (D.Or. 2008); Rekow v. Hall, 2007 WL 2071930 (D.Or. 2007), aff'd, 2009 WL 413109 (9th Cir. 2009); Hilliard v. Lampert, 2004 WL 1396353 (D.Or. 2004).

[4] Although this is a close question, I reject respondent's assertion that petitioner's ineffective assistance claim, premised upon counsel's failure to withdraw, is procedurally defaulted. See Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999) (new factual allegations, which do not fundamentally alter claim, do not render claim unexhausted).

attested that he "had no conflict of interest, actual or potential, when [he] represented petitioner." Resp. Exh. 108 at 6-7. The post-conviction court agreed, holding that petitioner had failed to show how counsel's representation of Hay worked to petitioner's detriment, or how it affected his entry into the plea agreement. Resp. Exh. 112 at 9.

"The Supreme Court has held that a criminal defendant has a constitutional right to assistance of conflict-free counsel." Houston v. Schomig, 533 F.3d 1076, 1081 (9th Cir. 2008), cert. denied, 129 S.Ct. 1346 (2009) (citing Strickland v. Washington, 466 U.S. 668, 688 (1984)). "An 'actual conflict,' for Sixth Amendment purposes, is a conflict of interest that adversely affects counsel's performance." Mickens v. Taylor, 535 U.S. 162, 172 n.5 (2002); Cuyler v. Sullivan, 446 U.S. 335, 348 (1980).

Where, as here, the conflict arises out of *successive* representation in factually-related cases, the Supreme Court has yet to decide whether the petitioner must also demonstrate prejudice (i.e. that there is a reasonable probability that, but for counsel's unprofessional conduct, petitioner would not have pled guilty). Houston, 533 F.3d at 1081-83; see also Alberni v. McDaniels, 458 F.3d 860, 873-84 (9th Cir. 2006), cert. denied, 549 U.S. 1287 (2007) (Supreme Court has implied that the more stringent Strickland prejudice standard may apply to successive conflicts); Mickens, 535 U.S. at 175-76 (with successive representation, there

10 -- OPINION AND ORDER

is less potential for conflict and court need not necessarily presume prejudice).

In the instant proceeding, petitioner has not demonstrated that an actual conflict of interest adversely affected counsel's representation. Specifically, there is no evidence that Mr. Mallon had loyalties to the decedent Hay which affected his representation of petitioner, that he obtained confidential information during his firm's representation of Hay, or that he subjectively felt conflicted as a result of his firm's prior representation of the decedent. Indeed, there is no evidence that trial counsel ever met Mr. Hay.

Further, petitioner has failed to rebut the post-conviction court's factual finding that there was no evidence that the conflict worked to petitioner's detriment or affected his entry into the plea agreement. At the post-conviction proceeding, trial counsel attested to the investigation conducted and the events leading up to petitioner's plea as follows:

> [Investigator] Dave Rogers was unable to turn up any evidence that would exonerate petitioner. One of the problems in the case was that William Hay, before he died, identified petitioner as the person who had stabbed him. The evidence at the crime scene tended to show that a fight and struggle had taken place. Since petitioner and McGee had gone to Hay's apartment armed, and assaulted Hay's female friend when they first entered the apartment, it was pretty clear as to who the aggressors were. * * *

* * * * *

11 -- OPINION AND ORDER

I discussed with petitioner all of the defenses that
I thought were possible. One defense that does not work
in Eastern Oregon, based on my personal experience in
defending criminal cases, is intoxication. I have had
jurors indicate that unless the defendant was forcibly
held down and had drinks poured down his throat, they
would find no reason to acquit. In fact, I have had a
jury promptly convict a defendant who was falling down
drunk and who could not remember his name. Although
petitioner and McGee were drinking before they attacked
Hay, there was no evidence petitioner was falling down
drunk.

We also discussed a possible defense of self-
defense. As I explained to petitioner, this would be
pretty problematical since he and McGee had armed
themselves with a number of weapons and then went to
Hay's apartment with a clear purpose of assaulting Hay
and teaching him a "lesson." Once they were inside the
apartment, the two younger, bigger men quickly
overpowered Hay. I thought it very unlikely that a jury
would acquit petitioner on the grounds of self-defense.

I also had petitioner evaluated by Dr. Jerry Larsen
in Portland. Dr. Larsen concluded that petitioner had
some frontal lobe damage and perhaps suffered from Post-
Traumatic Stress Syndrome. However, the doctor also
concluded that petitioner could aid and assist in his
defense and that he was able to control his impulses and
knew right from wrong.

I discussed all of these potential defenses with
petitioner, several times. * * * Petitioner eventually
asked me to negotiate with District Attorney Tim Colahan.
* * * Petitioner did not want to go to trial and risk
receiving a death sentence.

Resp. Exh. 108 at 3-5.

In sum, the record is devoid of any evidence suggesting that

the alleged conflict impacted counsel's investigation, defense

strategies, the plea negotiations, or the knowing and voluntary

nature of petitioner's decision to enter a plea. A "mere

theoretical division of loyalties" is not itself an "actual conflict of interest." <u>Mickens</u>, 535 U.S. at 171.[5]

Further, petitioner has failed to demonstrate that there is a reasonable probability that but for counsel's deficient performance, he would not have pled guilty to Murder, but would have insisted on going to trial. <u>See</u> <u>Houston</u>, 533 F.3d at 1083 (remanding for court to consider whether petitioner proved prejudice).

Accordingly, the post-conviction court's rejection of petitioner's ineffective assistance claims is neither contrary to, nor an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). Petitioner similarly has failed to demonstrate that the post-conviction court's decision was premised upon an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(2).[6]

---

[5] Petitioner's request to supplement the record and for an evidentiary hearing is denied due to petitioner's failure to diligently develop the record in state court and his failure to satisfy the requirements of 28 U.S.C. § 2254(e)(2). <u>Holland v. Jackson</u>, 542 U.S. 649, 652-53 (2004); <u>see</u> Resp. Reply at 10-13 (noting that post-conviction counsel did not seek to depose trial counsel, compel his attendance at the post-conviction trial, and did not comply with state law in seeking to subpoena trial counsel's file); <u>see also</u> Resp. Exh. 111 at 7-9 & 20. In any event, petitioner's exhibits do not rebut the post-conviction court's finding of fact that trial counsel's firm's representation of Hay was not extensive.

[6] I reject petitioner's assertion that the post-conviction court's findings of fact are not entitled to deference because trial counsel failed to respond to an improperly served subpoena. <u>See</u> <u>Taylor v. Maddox</u>, 366 F.3d 992, 1000 (9th Cir.), <u>cert.</u>

## CONCLUSION

Based on the foregoing, petitioner's motion for reconsideration (#75) is GRANTED. However, for the reasons set forth above, petitioner's amended habeas corpus petition (#9) is DENIED, and this proceeding is DISMISSED, with prejudice.

DATED this _28_ day of April, 2009.

_____
Garr M. King
United States District Judge

_____

denied, 543 U.S. 1038 (2004).

14 -- OPINION AND ORDER